UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN LATCH, an unmarried adult,

    Plaintiff,

    v.

GRAYS HARBOR COUNTY, a Washington State municipal corporation; and SIERRA PACIFIC INDUSTRIES, a foreign corporation; JUNCTION CITY DEVELOPMENT COMPANY, LLC, a limited liability company,

    Defendants.

Case No. C07-5633 FDB

ORDER TO SHOW CAUSE RE: REMAND FOR LACK OF FEDERAL JURISDICTION

Plaintiff's Complaint was filed in Thurston County Superior Court on October 17, 2007. On November 15, 2007, Defendant Grays Harbor County removed the action to this Court on the basis that Plaintiff's complaint alleged that Defendants have violated rights secured by the Constitution and/or laws of the United States. Specifically, Plaintiff's Second Amended Complaint states claims against Defendants for an alleged wrongful deprivation of home and property, and rights, privileges or immunities secured by and under the U.S. Constitution, for which Plaintiff seeks damages, costs and attorney's fees pursuant to 42 U.S.C. § 1983.

On November 25, 2008 the sole governmental entity defendant, Grays Harbor County, was

ORDER - 1

dismissed from this action.

Plaintiff's basis for a federal claim is 42 U.S.C. § 1983. A section 1983 claim requires, (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988). There is a presumption that private conduct is not government action; something more than acting pursuant to generally applicable state law is required for a private entity to be considered acting under color of law. Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 836 (9th Cir. 1999). A claim of private party misuse of a state statute does not describe conduct that can be attributable to the state. Lugar v. Edmondson Oil Co., Inc. 457 U.S. 922, 941 (1982). Nor does the mere fact that the government compelled a result suggest that the government's action is 'fairly attributable' to the private defendant. Sutton, at 838.

A federal court has jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Here, the plea of a federal constitutional claim is termed in generalities and appears to lack the element of "state action", thus denying the Court of jurisdiction. This would require remand to the state court. The parties are accordingly directed to show cause, no later than December 10, 2008, the basis for federal jurisdiction and why the matter should not be remanded to Thurston County Superior Court.

IT IS SO ORDERED

DATED this 1st day of December, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2